UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LUKE ELLIOTT SOMMER,<br><br>　　　　　　　Defendant. | CASE NOS. CR09-0257JLR<br><br>CR09-0436JLR<br><br>ORDER |

Before the court is Defendant Luke Elliott Sommer's motion for a sentence reduction (Mot. (Dkt. # 69);[1] Reply (Dkt. # 78)), and Plaintiff the United States of America's (the "Government") opposition thereto (Resp. (Dkt. # 77)). The court has considered the parties' submissions, the record, and the applicable law. Being fully advised, the court DENIES the motion.

---

[1] Mr. Sommer filed motions for a sentence reduction in two of his three criminal cases in this district. (See CR09-0257JLR, Dkt. # 69; CR09-0436JLR, Dkt. # 48.) The parties' briefing is identical in both cases. Therefore, unless otherwise specified, the court refers to the docket entries in Case No. CR09-0257JLR.

ORDER - 1

1    Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a sentence if the defendant shows the following: (1) the defendant has exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (4) the factors set forth in 18 U.S.C. § 3553(a), to the extent that they apply, weigh in favor of the requested sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of establishing these required elements. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). If the defendant fails to show one of the elements, the court may deny the motion without analyzing the other elements. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform th[e] sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

The court summarized the factual background in its October 12, 2022 order, and does not repeat that background here except as is relevant. (*See* 10/12/22 Order (Dkt. # 54) at 2-8.) In May 2008, Mr. Sommer pled guilty to multiple offenses concerning his conduct in orchestrating and committing an armed bank robbery, brandishing a firearm during the robbery, and unlawfully possessing a grenade. (*See* Plea Agreement 06-5528 (CR06-5528JLR, Dkt. # 277) at 7-10; Judgment 06-5528 (CR06-5528JLR, Dkt. # 333) at 1-3.) Mr. Sommer was sentenced to 288 months for these offenses, less 11 months of time served. (Judgment 06-5528 at 3.)

1      In January 2010, Mr. Sommer pled guilty to subsequent, additional offenses after
2   assaulting one of his coconspirators with a knife and soliciting the murder of the
3   Assistant United States Attorney ("AUSA") who prosecuted Mr. Sommer for the armed
4   bank robbery.  (*See* Plea Agreement (Dkt. # 25) at 5-7; Judgment (Dkt. # 29); Judgment
5   09-0436 (CR09-0436JLR, Dkt. # 6).)  Mr. Sommer was sentenced to an aggregate
6   consecutive term of 240 months for these offenses.  (*See* Judgment at 2.)
7      On June 22, 2022, Mr. Sommer moved to reduce his sentence, arguing, in
8   pertinent part, that his sentence was unjustly lengthy and that his rehabilitative efforts
9   warranted a reduction.  (*See* 1st Mot. (Dkt. # 31) at 28-41.)  On October 12, 2022, the
10  court granted Mr. Sommer's motion in part.  (10/12/2022 Order (Dkt. # 54).)  On
11  November 9, 2022, after a hearing, the court ordered a substantial reduction in Mr.
12  Sommer's sentence for armed bank robbery and related offenses, reducing Mr. Sommer's
13  sentence by more than 12 years—from 277 months to 132 months.  (11/9/22 Order (Dkt.
14  # 61).)  The court did not reduce Mr. Sommer's consecutive 240-month sentence, which
15  related to his conduct in assaulting his coconspirator and soliciting the murder of an
16  AUSA.  (11/9/22 Order at 1-2.)
17     Just over two years later, on December 30, 2024, Mr. Sommer again moved to
18  reduce his sentence, arguing, in pertinent part, that his continuing achievements while
19  incarcerated and his wife's health warrant another reduction.  (*See* Mot.)  Although Mr.
20  Sommer's recent conduct and achievements have been exemplary, the seriousness of his
21  offenses warrants a severe sentence, and Mr. Sommer has already received a recent and
22  substantial reduction in his sentence.  Accordingly, at this time, the court concludes that

1  Mr. Sommer fails to show that the factors set forth in section 3553(a) weigh in favor of a
2  sentence reduction.[2]
3       For the foregoing reasons, the court DENIES Ms. Sommer's motion for a sentence
4  reduction (CR09-0257JLR, Dkt. # 69; CR09-0436JLR, Dkt. # 48).

6       Dated this 17th day of June, 2025.

                                          JAMES L. ROBART
                                          United States District Judge

---

[2] The court does not reach the other required elements in 18 U.S.C. § 3582(c)(1)(A). *See Keller*, 2 F.4th at 1284.

ORDER - 4